**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDDIE SOWELL SMITH, | Case No.: 2:23-cv-00527-GMN-MDC |
| Petitioner | **Order Denying Motion for Discovery and Granting Extension of Time to File Fourth-Amended Petition to April 1, 2024** |
| v. | |
| WARDEN CHILDERS, | (ECF Nos. 21, 23) |
| Respondent. | |

*Pro se* petitioner Eddie Sowell Smith has filed a motion for discovery as well as a motion for extension of time to file a fourth-amended 28 U.S.C. § 2254 petition. (ECF Nos. 21, 23.)  The Court denies the motion for discovery as premature and grants Smith an extension to file an amended petition.

**I.    Discussion**

Smith seeks to challenge his conviction, pursuant to a guilty plea, of two counts of attempt battery with substantial bodily harm. (*See* ECF No. 17.)  Smith moves for discovery in order to obtain records including bindover records of two counts, sentencing transcripts, and the victim's statements to police. (ECF No. 21 at 2.)  Rule 6(a) of the Rules Governing § 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure . . . ."

Smith

In *Bracy v. Gramley*, 520 U.S. 899 (1997), the Supreme Court held that Rule 6 was meant to be applied consistently with its prior opinion in *Harris v. Nelson*, 394 U.S. 286 (1969), which expressly called for the adoption of the rule. 520 U.S. at 904 & 909.  In *Harris*, the Supreme Court held that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." 394 U.S. at 300 (emphasis added).  In *Bracy*, a unanimous Supreme Court overturned a decision denying discovery where the petitioner's claim of judicial bias in his particular case was based on "only a theory," where the claim was "not supported by any solid evidence" with regard to the theory, and where the Supreme Court expressly noted that "[i]t may well be, as the Court of Appeals predicted, that petitioner will be unable to obtain evidence sufficient to support" the theory that the petitioner sought to pursue in the discovery. 520 U.S. at 908 & 909.  Still, discovery cannot serve as a fishing expedition. *Kemp v. Ryan*, 638 F.3d 1245, 1260 (9th Cir. 2011).

Here, the Court previously granted Smith's motion for leave to file a fourth-amended petition. (ECF No. 20.)  Generally, when the petitioner files an amended petition, the amended petition supersedes the original petition, and the court treats the claims in the original petition as waived. *See* Local Rule 15-1(a) (noting an amended petition supersedes an original petition in its entirety); *Cf. Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).  But Smith has not yet filed the fourth-amended petition. His motion for discovery, therefore, is premature. Neither respondents nor the Court has any way at this stage in the litigation to determine whether any requested

Smith

discovery is connected to any claims Smith may present. *Bracy*, 520 U.S. at 909 (a petitioner must demonstrate a causal nexus between requested discovery and the claims in the petition).  Moreover, Rule 5 of the Rules Governing Section 2254 cases provides that respondents are responsible for filing the complete state-court record, including transcripts of all transcribed hearings, when they file a response to Smith's fourth-amended petition. This may moot the basis for the current discovery motion. The Court thus denies the motion for discovery without prejudice.

Smith also requests an extension of time to file a fourth-amended petition. (ECF No. 23.)  The Court will grant Smith an extension. However, within that motion he states that he cannot draft the amended petition without the requested discovery. The Court rejects this circular argument. Smith must draft a fourth-amended petition, if any, that clearly states his claims that he is held pursuant to a state-court judgment of conviction in violation of his federal constitutional rights. The claims need only brief but specific factual allegations in support at this time. When respondents file the state-court record, Smith will be able to use the record to respond to respondents' response to his fourth-amended petition. A habeas action generally requires an operative petition as a starting point.

Smith

## II.     Conclusion

IT IS THEREFORE ORDERED that petitioner's motion for discovery **(ECF No. 21) is DENIED** without prejudice

IT IS FURTHER ORDERED that petitioner's motion for extension of time to file a fourth-amended petition **(ECF No. 23) is GRANTED** *nunc pro tunc*. **The deadline to file the fourth-amended petition is extended to April 1, 2024**.

IT IS FURTHER ORDERED that all other briefing deadlines, including the deadline for respondents to file a response to the amended petition, are set forth in the order at ECF No. 10.

DATED: 22 February 2024.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE