UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDDIE SOWELL SMITH,<br><br>  Petitioner<br><br>v.<br><br>WARDEN CHILDERS,<br><br>  Respondent. | Case No.: 2:23-cv-00527-GMN-MDC<br><br>**Order Granting Motion to Dismiss Petition** |

*Pro se* 28 U.S.C. § 2254 Habeas Corpus Petitioner Eddie Sowell Smith challenges his conviction pursuant to a guilty plea of two counts involving battery. (ECF No. 33.)  He argues that his trial counsel was ineffective and that his guilty plea was not voluntary and intelligent. (*Id.*)  Respondents move to dismiss the Petition on the basis that it is untimely and/or because the two grounds are unexhausted.  (ECF No. 34.) Because the Petition was filed outside of the federal statute of limitations, it is dismissed as untimely.

   **I.   Background**

   In February 2020, in Eighth Judicial District Court (Clark County), Nevada, Smith pleaded guilty to two counts of Attempt Battery Causing Substantial Bodily Harm. (Exh.

19.)[1]  The case stemmed from an incident in Las Vegas where Smith and his former girlfriend Cassandra Hines were arguing, and he struck her with a golf club.  They continued arguing outside Hines' friend's apartment; Smith pushed the friend, who fell backwards onto a table, bumping her head. (*See* ECF No. 34; Exh. 5.)  The state district court sentenced Smith to consecutive terms of 12 to 48 months. (Exh. 18.)  Judgment of Conviction was entered on February 12, 2020. (Exh. 19.)  Smith did not file a direct appeal.  He filed a state Postconviction Habeas Corpus Petition in January 2021. (Exh. 29.)  The Nevada Court of Appeals affirmed the denial of the Petition in January 2022. (Exh. 67.)

Smith dispatched his federal Habeas Corpus Petition for mailing about March 15, 2023. (ECF No. 6.)  He ultimately filed a Fourth Amended Petition raising two grounds:

> Ground 1: Smith's guilty plea was not voluntary and intelligent:
>
> A. he was incorrectly advised he would be sentenced under the habitual criminal statute if he went to trial; and
>
> B. there was a defect in the guilty plea agreement.
>
> Ground 2: Trial counsel was ineffective for:
>
> A. failing to investigate and defend a theory of Smith's innocence;
>
> B. failing to argue for a misdemeanor sentence; and
>
> C. attacking Smith's character.

(ECF No. 33.)

---

[1] Exhibits referenced in this order are exhibits to Respondents' Motion to Dismiss, ECF No. 34, and are found at ECF Nos. 28, 29, 31.

2

Respondents now move to dismiss the Petition as untimely; alternatively, they argue that the grounds are unexhausted. (ECF No. 34.)[2]

## II. Legal Standards & Analysis
### a. Timeliness -- AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). "[T]he process of direct review . . . includes the right to petition [the United States Supreme Court] for a writ of certiorari." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983). The one-year period of limitations begins to run when the Supreme Court affirms a conviction on the merits, denies a petition for a writ of certiorari, or the 90 days expires. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Where a defendant fails to seek direct review of the judgment of conviction before the Nevada Supreme Court or the Nevada Court of Appeals, the one-year period of limitations begins to run 30 days after the entry of the judgment of conviction. *See* Nev. R. App. P. 4(b)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50, (2012).

The period is not tolled until an "application for State post-conviction or other collateral review" is properly filed with the state court clerk and the period continues to toll while the application remains "pending." *See* 28 U.S.C. § 2244(d)(2); *Orpiada v. McDaniel*, 750 F.3d 1086, 1087 (9th Cir. 2014). The prison mailbox rule does not apply to that application for collateral review. *Orpiada*, 750 F.3d at 1087. If an application for

---

[2] Smith opposed, and Respondents replied. (ECF Nos. 38, 40.)

3

collateral review tolls the one-year period of limitations, the application remains pending "until the application has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002).  "[A] pro se petitioner's [federal habeas] petition is deemed constructively filed at the moment it is delivered to prison officials to be forwarded to the court clerk." *Patterson v. Stewart*, 251 F.3d 1243, 1245 n.2 (9th Cir. 2001).  "[Section] 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition." *Duncan*, 533 U.S. at 181.

### b. Smith's Federal Petition is Untimely

Here, Judgment of Conviction was entered on February 12, 2020, so Smith's 30 days to file a Notice of Appeal with the Nevada Supreme Court expired on March 13, 2020. (*See* Exh. 19.)  Because he did not file a direct appeal, the AEDPA statute of limitations began to run on that day.  Smith filed his state Postconviction Habeas Corpus Petition 298 days later on January 5, 2021. (Exh. 29.)  Remittitur issued on the Nevada Court of Appeals' affirmance of the denial of the state petition on February 7, 2022, so the limitations period resumed running the next day. (*See* Exh. 69.)  The one-year statute of limitations expired 67 days later on April 18, 2022.[3]

But Smith did not mail his federal petition until 401 days later on March 15, 2023. (ECF No. 6.)  Thus, 699 days of untolled time elapsed between the expiration of Smith's time for seeking direct review and the date he mailed his original federal petition to this Court.  So the petition is untimely by almost a year.

---

[3] Saturday, April 16, 2022, is actually the date the limitations period expired, so Smith would have had until Monday, April 18, 2022 to file a federal habeas petition.

In Smith's opposition to the motion to dismiss, he asserts that he is entitled to equitable tolling. (ECF No. 38.)  Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).  Smith states in his opposition that at some point he was in pre-trial custody in San Jose, California, for 90 days and that jail personnel told him there were no institutional procedures in place for him to submit the filing fee.  But he provided no dates regarding this custody.  Thereafter, Smith filed a Motion Seeking Equitable Tolling. (ECF No. 41.)  He states that when he was held in Elmwood County Jail in San Jose from November 25, 2022, to March 3, 2023, there were no "penological procedures in place to . . . to aid [him] in his legal quest." (*Id*. at 1.)  Even assuming that he might have been entitled to equitable tolling for the period he was in custody in San Jose, the federal statute of limitations had already expired seven months before.

He also relies heavily on the fact that, due to a clerical error, this Court initially dismissed his federal petition for failure to pay the filing fee. (*See* ECF No. 7.)  But the error was corrected, the dismissal order was vacated, and Smith's petition was deemed submitted on the day he dispatched it for mailing, March 15, 2023. (*See* ECF Nos. 10, 1-1.)  The date Smith filed his federal petition was therefore unaffected.  And, again, the limitations period had already expired almost year before, in April 2022.  Smith has presented no basis for tolling of the statute of limitations, and therefore, the Court dismisses his petition as untimely.

### c. Motion to Seal

Respondents have also filed a Motion for Leave to File Exhibit *In Camera* and Under Seal. (ECF No. 30.) While there is a presumption favoring public access to judicial filings and documents, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). In general, "compelling reasons" exist where the records may be used for improper purposes. *Id*. at 1179 (citing *Nixon*, 435 U.S. at 598). Here, Respondents ask to file Smith's Presentence Investigation Report ("PSI") *in camera* and under seal because it is confidential under state law and contains sensitive information. (ECF No. 30.) The Court has reviewed the PSI and concludes that Respondents have demonstrated compelling reasons to file it under seal. However, the PSI does not appear to include information that is so sensitive that it would warrant *in camera* filing. Accordingly, the Motion is granted in part, and the exhibit will remain under seal.

### III. Certificate of Appealability

This is a final order adverse to Petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this Court to issue or deny a certificate of appealability (COA). Accordingly, the Court has *sua sponte* evaluated the claims within the Petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

6

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id*.

Having reviewed its determinations and ruling in concluding that Smith's Petition is untimely, the Court finds that the ruling does not meet the *Slack* standard. The Court therefore declines to issue a certificate of appealability for its resolution of Smith's Petition.

### IV. Conclusion

It is therefore ordered that Respondents' Motion to Dismiss **(ECF No. 34) is GRANTED**. The Fourth Amended Petition **(ECF No. 33) is DISMISSED** as time barred.

It is further ordered that Petitioner's Motion to Dismiss Unexhausted Claims **(ECF No. 39) is DISMISSED** as moot.

It is further ordered that Petitioner's Motion Seeking Equitable Tolling **(ECF No. 41) is DENIED**.

It is further ordered that Respondents' Motion to Strike Motion for Equitable Tolling **(ECF No. 42) is DENIED**.

It is further ordered that Respondents' Motion for Leave to File Exhibit Under Seal and *In Camera* **(ECF No. 30) is GRANTED in part and DENIED in part**. The exhibit will remain under seal.

It is further ordered that a certificate of appealability will not issue.

The Clerk of Court is directed to enter Judgment accordingly and close this case.

Dated: February 11, 2025

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE